UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NEVADA *ex rel.* THOMAS MOONEY, and THOMAS MOONEY, INDIVIDUALLY,<br><br>          Plaintiff(s),<br><br>  v.<br><br>FIFE DERMATOLOGY, PC, d/b/a SURGICAL DERMATOLOGY & LASER CENTER, et al,,<br><br>          Defendant(s). | Case No. 2:17-CV-2191 JCM (DJA)<br><br>ORDER |

  Presently before the court is Defendant Vivida Dermatology f/k/a Fife Dermatology, PC d/b/a Surgical Dermatology & Laser Center's motion to set aside clerk's entry of default. (ECF No. 30). Plaintiff Thomas Mooney has not responded and the deadline to do so has since passed. (ECF No. 31).

  Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations marks omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

  While the court considers the same factors prior to vacating an entry of default as it would a default judgment, the test is less stringent when a default judgment has not been entered.

**James C. Mahan**
**U.S. District Judge**

*See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  Indeed, "[t]he court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

In considering the three relevant factors, the court finds that good cause exists to set aside the clerk's entry of default.  (ECF No. 9).  Prejudice is unlikely to result and plaintiff has not opposed the motion, nor has he moved for default judgment.  *See* LR 7-2(d) ("[T]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").  Further, there is a strong policy favoring the adjudication of claims on their merits instead of procedural technicalities.  For these reasons, the court will grant defendant's motion to set aside the clerk's entry of default.  (ECF No. 30).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to set aside clerk's entry of default (ECF No. 30) be, and the same hereby is, GRANTED.

DATED March 17, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -