1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

UNITED STATES OF AMERICA and THE
STATE OF NEVADA *ex rel.* THOMAS
MOONEY, and THOMAS MOONEY,
INDIVIDUALLY,

8
9

                                    Plaintiff(s),

Case No. 2:17-CV-2191 JCM (DJA)

ORDER

10

        v.

11

FIFE DERMATOLOGY, PC, d/b/a
SURGICAL DERMATOLOGY & LASER
CENTER, et al,,

12
13

                                    Defendant(s).

14
15

        Presently before the court is defendant Vivida Dermatology's[1] ("Vivida") motion to

16

dismiss plaintiff Thomas Mooney's ("Mooney") complaint (ECF No. 1).   (ECF No. 37).

17

Mooney filed a response (ECF No. 44), to which Vivida replied (ECF No. 45).   Before

18

responding, Mooney filed his first amended complaint (ECF No. 41).  Vivida did not respond,

19

instead arguing that its motion to dismiss also applies to the first amended complaint.

20

        Also before the court is Mooney's motion for leave to amend his first amended

21

complaint.  (ECF No. 53).  Vivida filed a response (ECF No. 54), to which Mooney replied (ECF

22

No. 59).

23

**I.      Background**

24

        On April 1, 2017, Mooney began employment as Vivida's chief operating officer.  (ECF

25

No. 41 at 1–2).  Soon after, Mooney developed a belief that providers and staff at Vivida—with

26

at least the knowledge of Vivida's co-owners and co-defendants in this matter, Douglas Fife

27

_____

28

        [1] Vivida Dermatology f/k/a Fife Dermatology, PC d/b/a Surgical Dermatology & Laser
Center.

**James C. Mahan**
**U.S. District Judge**

("Douglas") and Heather Fife ("Heather")—were committing fraud upon the United States and the State of Nevada by improperly billing Medicare and Nevada Medicaid. (*Id.* at 3). Mooney frequently discussed his concerns with Douglas. While Douglas allegedly said he would "look into" Mooney's concerns, those concerns remained unaddressed when Vivida discharged Mooney on June 21, 2017. (*Id.* at 4–5).

On August 15, 2017, Mooney—along with the United States of America and the State of Nevada, *ex rel.*—filed a complaint under seal alleging several *qui tam* claims under the False Claims Act and the Nevada False Claims Act. (ECF No. 1). Mooney also asserted claims against Vivida, Douglas, and Heather for retaliation under 31 U.S.C. § 3730(h) and wrongful discharge under Nevada state law. (*Id.* at 24–25).

On June 4, 2020, Mooney voluntarily dismissed all claims against Vivida except for his retaliation and wrongful discharge claims. (ECF No. 21). The United States of America and the State of Nevada consented to dismissal, concluding that the evidence of fraud was insufficient to justify further government investigation. (ECF No. 22 at 3). The court then unsealed Mooney's complaint on August 19, 2020. (ECF No. 24).

On April 16, 2021, Vivida filed the instant motion to dismiss Mooney's remaining claims against Vivida. (ECF No. 37). In response, Mooney filed his first amended complaint, alleging just two claims—retaliation under § 3730(h) and a new state law claim for breach of contract. (ECF No. 41). Mooney now moves for leave to amend his first amended complaint (ECF No. 53) with three new state law claims—violation of NRS § 613.010, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. (ECF No. 53-2).

## II.   Legal Standard

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a plaintiff to prevail against a Rule 12(b)(6) motion, every pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P(8). Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In

James C. Mahan
U.S. District Judge

other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).   That is, the court need not give leave to amend when it determines that the pleading is futile or "could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127–28 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

"Rule 15(c) states that '[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. . . .'"  *Bank of New York Mellon as Tr. for Certificateholders of CWALT, Inc. v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-01375-JAD-VCF, 2020 WL 5821948, at *2 (D. Nev. Sept. 30, 2020). "The rule 'strikes a balance between' the competing concerns of giving a plaintiff the 'maximum opportunity for each claim to be decided on its merits' and protecting defendants from stale claims."  *Id.* (quoting *ANSARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014)).  If "a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15(c) requires."  *Id.* (quoting *ANSARCO, LLC*, 765 F.3d 999, at 1005).

## III.   Discussion

After voluntarily dismissing his *qui tam* claims, Mooney properly served his complaint on Vivida, through its registered agent, Douglas; on Douglas, at Vivida's business address; and on Heather, at her residence.  (ECF No. 26).   One month later, the clerk of the court entered default against all three defendants.  (ECF No. 28).

Before Mooney moved for entry of default judgment, attorneys Paul Prior and Hayley Cummings appeared in this matter on behalf of Vivida, but not on behalf of Douglas and

Heather.  (ECF No. 29).  Then, on March 17, 2021, upon Vivida's motion, the court set aside the default for all three defendants.  (ECF No. 32).  To date, Douglas and Heather have still not appeared in this matter and remain, officially, unrepresented.

After the court set aside the default entered against Vivida, Douglas, and Heather, this matter became tangled in a web of procedural issues.  To prevent those procedural issues from dictating this matter's outcome, the court GRANTS in part and DENIES in part Mooney's motion for leave to amend (ECF No. 53) and DENIES as moot Vivida's motion to dismiss (ECF No. 37), consistent with this order.

A.  Procedural issues brought on by inconsistent litigation

Central to all procedural issues in this matter is the relationship between Vivida and its co-defendants—and purported co-owners—Douglas and Heather Fife.

On the one hand, Paul Prior and Hayley Cummings appeared in this matter on behalf of Vivida alone.  (ECF No. 29).  Further, Vivida's motions and stipulations specifically describe Paul Prior and Hayley Cummings as "attorneys for Defendant Vivida" and make almost no reference to Douglas and Heather.  (*See, e.g.*, ECF Nos. 30; 37; 38).

On the other hand, Mooney's stipulations are purportedly between Mooney and "Defendants" and include "attorney for Defendants" under Paul Prior's signature block.  (*See e.g.*, ECF Nos. 55, 57, 60).  Further, Mooney's motions describe Vivida's actions as "Defendants'" actions.  (*See e.g.*, ECF No. 59 at 3 ("By the time . . . Defendants responded to the original complaint . . . . This was within the time stipulated to by Defendants . . . .")).

These inconsistencies indicate that the parties are not candidly engaging in litigation for this matter.  While not an outright Rule 11 violation, Vivida's counsel has signed stipulations on behalf of unrepresented parties in this matter as if counsel has the authority to do so, all while strictly moving and arguing on behalf of Vivida alone.  Yet, Vivida's counsel has made no attempt to correct Mooney's clear misunderstanding of who counsel represents, even through changes to Mooney's counsel.  (ECF Nos. 50, 52).

This unclear representation now interferes with the court's ability to decide on the parties' motions.  As to Vivida's motion to dismiss (ECF No. 37), if the court were to determine,

James C. Mahan
U.S. District Judge

as Vivida moves it to, that Mooney fails to state a claim for relief on his federal retaliation claim, the court would, in a typical matter, then dismiss that claim and decline to extend supplemental jurisdiction over the remaining state law claim.  *See* 28 U.S.C. § 1367(c)(3).

Here, however, the court could not decline to extend jurisdiction over the state law claim without first dismissing the same federal claim against the remaining defendants, Douglas and Heather.  *See* 28 U.S.C. § 1367(c).  Thus, if those defendants remain parties in this matter, the court cannot decide on Vivida's motion without also deciding on the merits of a breach of contract claim that may rightfully be a state court matter.

Yet, procedural issues relating to Mooney's motion for leave to amend (ECF No. 53) obscure whether Douglas and Heather do remain as parties.  Per the Federal Rules of Civil Procedure, a pleading filed after the original complaint must be served on every party.  Fed. R. Civ. P. 5(a)(1)(B).  While service is not required on a party who is in default for failing to appear, a pleading that asserts a new claim for relief against such a party must be served on such a party within 90 days.  Fed. Rs. Civ. P. 4, 5(a)(2).

Here, Mooney filed his first amended complaint (ECF No. 41) on April 30, 2021.  The breach of contract claim contained in that complaint was not included in Mooney's original complaint.  While Douglas and Heather were once in default for failing to appear, the court set aside that default based on Vivida's motion.  Nevertheless, Mooney, presumably relying on the court's electronic service, did not include proof of service onto Douglas and Heather for his first amended complaint.  However, as Douglas and Heather have yet to officially appear in this matter, they were not automatically served.  It is now well past the 90-day deadline for Mooney to serve them.

In summary, the parties' failures to candidly engage with each other and to ensure the accuracy of their filings with the court has caused this matter to turn away from the merits and into a web of procedural issues.  While Vivida's cavalier litigation obscures what parties it represents and limits what remedies are available regarding its motion to dismiss, Mooney's failure to serve his first amended complaint risks his losing his claims against Douglas and Heather despite their previously being in default for never answering his original complaint.

Several remedies could move this matter forward,[2] but most avoid a decision based on the merits and prejudice some party over another despite all parties causing some procedural issues. Considering the strong public policy in favor of deciding matters on the merits, the court instead fashions a remedy that bypasses these procedural issues and allows all parties the opportunity to focus on the issue of Mooney's discharge from Vivida.

Accordingly, the court GRANTS in part and DENIES in part Mooney's motion for leave to amend (ECF No. 53) and DENIES as moot Vivida's motion to dismiss (ECF No. 37), consistent with the following.[3]

B.  Mooney's motion for leave to amend

Mooney's fourth proposed claim—breach of the implied covenant of good faith and fair dealing—concerns the same occurrence as his state law breach of contract claim, Vivida's alleged breach of Mooney's employment contract. Therefore, that claim relates back to his first amended complaint and Mooney is permitted to amend his complaint to include that claim. *See* Fed. R. Civ. P. 15(c).

Conversely, Mooney's third and fifth proposed claims—violation of Nevada Revised Statute 613.010 and negligent misrepresentation—do not relate back to the original complaint or the first amended complaint. *See* Fed. R. Civ. P. 15(c). While the original complaint and first

---

[2] The court could dismiss Mooney's first amended complaint against Douglas and Heather Fife for Mooney's failure to serve them. Or, upon Mooney filing a motion, the court could enter default against Douglas and Heather Fife for failing to appear and answer his original complaint. Alternatively, the court could order Mooney to show cause as to why he should be allowed to serve Douglas and Heather with his first amended complaint within an appropriate period. *See* Fed. R. Civ. P. 4(m).

[3] Though arduous, these holdings impose appropriate and proportionate burdens and benefits upon all parties. While Mooney is prejudiced by losing his opportunity to gain default judgment on his original complaint, he is benefitted by being able to serve his second amended complaint on all defendants and argue against any future motion to dismiss on the merits of his claims. While Douglas and Heather may be prejudiced by being served with the second amended complaint despite Mooney's failure to serve them with his first amended complaint, they are benefited by avoiding default judgment for their failure to appear and answer his original complaint. While Vivida may be prejudiced with filing another motion to dismiss Mooney's second amended complaint, it is benefitted by gaining the ability to prevail on its motion to dismiss based on Mooney's alleged failure to plead his sole federal claim and by avoiding further inquiry into its potential misrepresentations regarding who its counsel represents.

1   amended complaint concern Vivida's discharging Mooney, these new claims concern Vivida's

2   allegedly wrongful conduct during the negotiations for his contract before he began employment.

3       Mooney has already had more than a year to amend his complaint since serving the

4   defendants, and more than three years to amend his complaint since originally filing this action.

5   Throughout all that time, Mooney never indicated that defendants misrepresented his job

6   description or used false representations to persuade him to accept the job.  This matter is, and

7   shall remain, about Vivida's allegedly unlawful discharge of Mooney.

8       Accordingly, the court GRANTS Mooney leave to amend as to his first, second,[4] and

9   fourth proposed claims, but DENIES Mooney leave to amend as to his third and fifth proposed

10  claims.

11      C.  Vivida's motion to dismiss

12      Considering that the complaint Vivida originally moved to dismiss has now been

13  amended twice, and includes three new claims, Vivida's motion to dismiss is moot.  While some

14  of the issues Vivida details in its motion are present in both Mooney's original complaint and his

15  proposed second amended complaint, the two complaints are not identical, and dismissal

16  provides all parties the opportunity to argue on the merits for dismissal of Mooney's new claims.

17      Accordingly, the court DENIES Vivida's motion to dismiss.  (ECF No. 37).

18  **IV.   Conclusion**

19      Accordingly,

20      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Vivida's motion to

21  dismiss (ECF No. 37) be, and the same hereby is, DENIED as moot.

22      IT IS FURTHER ORDERED that Mooney's motion for leave to amend his complaint

23  (ECF No. 53) be, and the same hereby is, GRANTED in part and DENIED in part.  Mooney is

24  GRANTED leave to amend his complaint with his first, second, and fourth proposed claims for

25  relief.  (*See* ECF No. 53-2).  Mooney is DENIED leave to amend his complaint with his third

26

27  ─────────────────────

28      [4] Mooney's first and second proposed claims are for the same retaliation and breach of
    contract as the claims in his first amended complaint.

James C. Mahan
U.S. District Judge

1    and fifth claims.  (*See id.*).  Mooney has 90 days to serve his second amended complaint on all

2    remaining parties in this matter.

3         The clerk is instructed to detach and separately file Mooney's second amended

4    complaint.  (ECF No. 53-2).

5         DATED December 22, 2021.

6

7                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**